UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HALL CRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  1:21-cv-02581 (UNA) |
| | ) |
| RONNA LEE BECK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the complaint for reasons explained herein.

Plaintiff, who was recently released from the custody of the District of Columbia Department of Corrections, has filed suit against two Superior Court of the District of Columbia Judges, several Assistant United states Attorneys, and a "private attorney," who presumably represented plaintiff in some capacity.  Though the claims against them are difficult to follow, it appears that plaintiff takes issue with defendants' actions arising from unspecified criminal proceedings in Superior Court.  It seems that, as a result of these proceedings, plaintiff was designated to the D.C. Central Detention Facility ("CDF"), where he alleges that his medical needs were ignored in contravention of his constitutional rights because CDF was without his supporting medical records.  He also alleges, without factual support, that defendants slandered him and somehow caused him to be homeless.  He seeks unspecified monetary damages.

First, the Local Rules of this court require that plaintiff filing *pro se in forma pauperis* must provide in the complaint's caption the name and full residence address or official address for each

defendant.  *See* LCvR 5.1(c)(1).  Consequently, plaintiff has failed to comply with Local Rule 5.1(c)(1).

Second, even if plaintiff has clearly stated a claim, judges are immune from a damages suit for actions taken in the performance of their duties.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity.").  "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").  And "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C.Cir.1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

Third, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant complaint falls within this category.  It is unclear what legal duty, if any, these defendants had to plaintiff as it relates to these claims, or what, if any, specific wrongdoing they committed to contribute to his claimed damages.

   Consequently, for all of the above stated reasons, this case is dismissed.  A separate order accompanies this memorandum opinion.

Date:  March 28, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge